```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

AGORA, INC. et al              *

          Plaintiffs            *

       vs.                      *   CIVIL ACTION NO. MJG-13-2998

ASSOCIATED PUBLISHERS NETWORK   *

          Defendant             *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER RE: TEMPORARY RESTRAINING ORDER
<u>AND PRELIMINARY INJUNCTION</u>

The Court has before it Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Document 2] and the materials submitted by the Plaintiffs relating thereto.

The Court has held a hearing, a recorded telephone conference. As set forth on the record thereof, Plaintiff sought to provide the defendants with notice of the hearing so as to afford them the opportunity to participate. In view of the circumstances, the Court will proceed on the basis of the record before it but will do all possible to afford defendants the opportunity to seek prompt reconsideration.

To obtain a Temporary Restraining Order, a plaintiff must make a clear showing:

(1) That it will likely succeed on the merits at trial;

1

(2) That it is likely to be irreparably harmed absent preliminary relief;

(3) That the balance of equities tips in its favor; and

(4) That an injunction is in the public interest.

<u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); <u>Real Truth About Obama, Inc. v. Fed. Election Comm'n</u>, 575 F.3d 342, 346 (4th Cir. 2009).[1]

On the evidence now of record, Plaintiffs have Met their burden of establishing a significant likelihood of success on the merits of their claims.  It appears likely that Plaintiffs, publishers of publications sold by subscription, will establish that Defendant Associated Publishers Network ("APN") has, and intends to continue to, solicit Plaintiffs' customers through misrepresentations, including false claims that APN is authorized to act on behalf of Plaintiffs.

The potential for irreparable harm has been established by virtue of the likelihood that, absent preliminary relief, APN shall continue to cause harm to Plaintiffs and their customers by

---

[1] The court notes that <u>Real Truth About Obama, Inc. v. Fed. Election Comm'n</u>, 575 F.3d 342 (4th Cir. 2009) was vacated by the Supreme Court in <u>Real Truth About Obama, Inc. v. Fed. Election Comm'n</u>, 559 U.S. 1089 (2010) for further consideration in light of <u>Citizens United v. Fed. Election Comm'n</u>, 558 U.S. 310 (2010), which dealt with First Amendment issues and not the standard for considering injunctive relief.

representing that payments to APN will result in valid subscriptions to Plaintiffs' publications.

The balance of equities can include the Court's considering (1) any irreparable harm that would be sustained by Plaintiff if a TRO turns out to be erroneously denied, against (2) any irreparable harm that would be sustained by the Defendant if a preliminary injunction or TRO turns out to be erroneously granted.  In the instant case, it appears that the balancing of hardships test clearly favors Plaintiffs.  In view of the extremely limited duration of the relief afforded by a Temporary Restraining Order – taking into account Defendants' ability to obtain very prompt reconsideration - Defendants would sustain minimal permanent detriment from an erroneous TRO.  However, an erroneous failure to provide a TRO would cause irreparable harm to those Plaintiffs and customers who would makes payments to APN in reliance upon false statements.

The Court concludes that there is a public interest in stopping, immediately, a scheme whereby Plaintiffs' customers are misled.

For the foregoing reasons:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Document 2] is GRANTED.

2. A Temporary Restraining Order shall be issued herewith.

3. Defendant may obtain an immediate hearing and opportunity to request reconsideration of this Order and rescission or modification of the Temporary

       Restraining Order by filing a request for such a hearing.

4. Defendant shall, by October 18, 2013, file a document showing cause why the Court should not issue a Preliminary Injunction as sought by Plaintiff.

5. Plaintiff shall make reasonable efforts to provide Defendant with notice of this Order and the Temporary Restraining Order issued herewith (and copies as may be possible) by United States mail, email, fax, and telephone and shall file a report by October 16, 2013 stating the efforts that have been made in this regard.

SO ORDERED, on <u>Friday, October 11, 2013</u>.

<u>      /s/      </u>
Marvin J. Garbis
United States District Judge
